**STATE of Minnesota, Respondent,**

v.

**Antti J. HAAVISTO, Appellant.**

**No. C2–82–845.**

Supreme Court of Minnesota.

Nov. 10, 1983.

C. Paul Jones, State Public Defender, Kathy King, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., Linda F. Close, Sp. Asst. Attys. Gen., St. Paul; Douglas Johnson, Wadena County Atty., Wadena, for respondent.

KELLEY, Justice.

Defendant was charged by indictment with first-degree premeditated murder, Minn.Stat. § 609.185(1) (1982), in the September 6, 1981, shooting death of 41-year-old Bernard Webber of rural Menagha. A district court jury found defendant guilty of the lesser included offense of first-degree heat-of-passion manslaughter, Minn. Stat. § 609.20(1) (1982). The presumptive sentence was an executed term of 54 months in prison pursuant to Minn.Stat. § 609.11 (1982) and Minnesota Sentencing Guidelines and Commentary, II.E. (1982), but the trial court departed durationally and sentenced defendant to a 43-month term, which the court later reduced to 30 months. Defendant's sole claim on this appeal from judgment of conviction and from the order denying his motion for post-trial relief from the verdict is that the state failed to prove that the killing was either intentional or unjustifiable. We affirm.

Defendant and the victim were involved in a feud that stemmed from a dispute over wages defendant owed the victim. Each man made threats against the other. On September 6, 1981, the victim found defendant at the residence of defendant's former wife in Menagha. After a fight in which defendant cut the victim with a knife, defendant got out his 30.06 rifle, loaded it with one bullet, and ordered the victim to leave. When the victim did not leave, defendant fired the gun once from a distance of about 38 feet. The bullet struck the windshield of the victim's truck on the driver's side and broke into fragments; one of the fragments ricocheted off and penetrated the skull of the victim, who was standing near the windshield. The victim died instantly.

We hold, as did the trial court in denying defendant's post-trial motion, that the evidence was sufficient to establish that the killing was intentional and unjustified.

(a) Evidence supporting the determination that defendant intended to kill the victim included evidence that defendant previously had threatened to kill the victim, evidence that defendant explicitly repeated the threat minutes before the shooting, and evidence that defendant did not show any remorse following the shooting. Defendant contends that if he had intended to kill the victim he would have fired so as to hit the victim directly. However, we hold that the

fact that the victim was killed by a bullet fragment that ricocheted off the windshield does not, under the circumstances of the case, negate the possibility that defendant intended the bullet to strike the victim. Defendant, by his own admission, was under the influence of alcohol and had difficulty in looking through the scope of the rifle. In other words, the jury could conclude that his failure to hit the victim was not the result of a lack of intent to kill but the result of poor aiming.

(b) Defendant's claim that the killing was justifiable is without merit.

Affirmed.